# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 26-6105

**Case Name** Jung Wook Na v. Jasmine Pearl Na

**Counsel submitting this form** Stephane Quinn and David Dworakowski, Quinn & Dworakowski, LLP, Irvine, CA; (949) 660-1400

**Represented party/parties** Respondent-Appellant Jasmine Pearl Na (Mother)

*Briefly describe the dispute that gave rise to this lawsuit.*

Petition under the Hague Convention on the Civil Aspects of International Child Abduction and ICARA (22 U.S.C. § 9001 et seq.). Petitioner-Appellee (Father), a Korean citizen who cannot enter the United States, sought the return to Korea of the parties' two daughters, K.E.N. (born 2014) and S.A.N. (born 2019), whom Respondent-Appellant (Mother), a U.S. citizen, brought from Korea to California on July 31, 2025. Mother asserted the Article 13(b) grave-risk exception based on Father's physical abuse of K.E.N. and concealment of the injuries. The case was filed in Orange County Superior Court and removed to the Central District of California (Hon. David O. Carter), which held an eleven-day evidentiary hearing.

*Briefly describe the result below and the main issues on appeal.*

The district court found Korea to be the children’s habitual residence and the removal wrongful. It found by clear and convincing evidence that returning K.E.N. would expose her to a grave risk of harm (Father struck her with a stick and other objects, concealed the injuries, kept her from mandated reporters, and gave materially incomplete sworn testimony), rejected Father’s proposed ameliorative measures, and ordered K.E.N. to remain in the United States. It ordered S.A.N. (age 7) returned to Korea to reside with Father because there was no evidence Father had hit her. (Dkt. 69, Sept. 4, 2026.) Mother appeals the return order as to S.A.N. Main issues: whether Article 13(b)’s prospective inquiry was correctly applied to S.A.N.; whether the court’s findings that the household is one of secrecy and that reporting cannot protect "the children" can be reconciled with returning one of them; whether the intolerable-situation prong and the sibling-separation authority were addressed; adequacy of findings under Rule 52(a); and the absence of any implementation or transition terms in the return order.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

On Sept. 18, 2026, the district court denied a stay pending appeal but stayed the return provision through Sept. 25, 2026 so Mother could seek emergency relief here (Dkt. 75). Mother’s Emergency Motion Under Circuit Rule 27-3 for a stay pending appeal is pending in this Court; relief is needed before Sept. 25. A divorce/custody action is pending in the Seoul Family Court, and the Orange County Superior Court (Dept. L65) retains passport-custody matters through the District Attorney’s Child Abduction Unit. A guardian ad litem represents the children in the district court. Mother is willing to mediate a resolution that keeps the sisters together while giving Father structured contact with both children.

**Signature** s/ Stephane Quinn **Date** September 22, 2026

*(use “*s/[typed name]*” to sign electronically-filed documents)*