UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUNG WOOK NA,

Petitioner - Appellee,

v.

JASMINE PEARL NA,

Respondent - Appellant.

No. 26-6105

D.C. No.
8:25-cv-02479-DOC-ADS
Central District of California,
Santa Ana

ORDER

JUNG WOOK NA,

Petitioner - Appellant,

v.

JASMINE PEARL NA,

Respondent - Appellee.

No. 26-6374

D.C. No.
8:25-cv-02479-DOC-ADS

Central District of California,
Santa Ana

An in-person mediation will be held on November 20, 2026, at 10:00 AM at the Ronald Reagan Federal Bldg. & U.S. Courthouse, 411 West Fourth Street, Room No.10093, Santa Ana, CA 92701.

Participants shall have full authority to negotiate and settle the case on any terms at the conference.

Unless excused by the Circuit Mediator prior to the scheduled conference, each party shall be represented by counsel of record and a client representative having full authority to negotiate and settle the case on any terms at the conference.

Mediation statements of 10 pages or less shall be submitted to the Circuit Mediator via e-mail [Kay_Suk@ca9.uscourts.gov] on or before November 12, 2026, by 12:00 p.m. (Noon) Pacific Time. Mediation statements shall contain brief statements of the following:

(a) factual and procedural background;

(b) legal issues and arguments related to this dispute;

(c) past settlement discussions;

(d) your client's goals and interests;

(e) perceived goals and interests of the opposing party;

(f) obstacles to settlement and proposals for overcoming them; and

(g) adverse consequences for each party if the case is not resolved through settlement.

Sections (a), (b), and (c) shall be served on counsel for the opposing party on the same date they are submitted to the undersigned. Sections (d), (e), (f) and (g) shall be submitted only to the undersigned and shall not be served on the opposing party. Mediation statements shall not be filed with the court.

Counsel may also identify any documents filed with the district court that they wish the Circuit Mediator to review prior to the mediation.

Mediation statements shall provide the names and representative capacities of those who will attend the mediation and a cell phone number for counsel.

The confidentiality rules set out in the attached document cover all mediation communication, both oral and written. Counsel must review and provide a copy of the Confidentiality Rules to all mediation participants.

Participants should plan to spend the entire day engaged in meaningful settlement discussions and come prepared with thoughtful solutions to this dispute.

It is recommended that counsel review with their clients the information contained in the Mediation Program web site: http://www.ca9.uscourts.gov/mediation.

The briefing schedule previously set by the court is amended as follows: the first brief on cross-appeal is due December 21, 2026; the second brief on cross-appeal is due January 21, 2027; the third brief on cross-appeal is due February 19, 2027; the optional cross-appeal reply brief is due within 21 days from the service date of the third cross-appeal brief.

FOR THE COURT:

By: Kyungah "Kay" Suk
Circuit Mediator

Confidentiality Rules Governing Participation in Mediation Process
Ninth Circuit Rule 33-1(c):

Confidentiality. To encourage efficient and frank settlement discussions, the Court establishes the following rules to achieve strict confidentiality of the mediation process.

1. The Circuit Mediators will not disclose mediation related communications to the judges or court staff outside the mediation unit.

2. Documents, e-mail and other correspondence sent only to the Circuit Mediators or to the mediation unit are maintained separately from the court's electronic filing and case management system and are not made part of the public docket.

3. Should a Circuit Mediator confer separately with any participant in a mediation, those discussions will be maintained in confidence from the other participants in the settlement discussions to the extent that that participant so requests.

4. Any person, including a Circuit Mediator, who participates in the Circuit Mediation Program must maintain the confidentiality of the settlement process. The confidentiality provisions that follow apply to any communication made at any time in the Ninth Circuit mediation process, including all telephone conferences. Any written or oral communication made by a Circuit Mediator, any party, attorney, or other participant in the settlement discussions:

A. except as provided in (B), may not be used for any purpose except with the agreement of all parties and the Circuit Mediator; and

B. may not be disclosed to anyone who is not a participant in the mediation except

1) disclosure may be made to a client or client representative, an attorney or co-counsel, an insurance representative, or an accountant or other agent of a participant on a need-to-know basis, but only upon receiving assurance from the recipient that the information will be kept confidential;

2) disclosure may be made in the context of a subsequent confidential mediation or settlement conference with the agreement of all parties. Consent of the Circuit Mediator is not required.

5. Written settlement agreements are not confidential except as agreed by the parties.

6. This rule does not prohibit disclosures that are otherwise required by law.