**Nos. 26-6105 and 26-6374**
Oral argument: January 12, 2027, 9:00 a.m.
Courtroom 3, Pasadena, California

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

JUNG WOOK NA,
Petitioner-Appellee / Cross-Appellant,
v.
JASMINE PEARL NA,
Respondent-Appellant / Cross-Appellee.

On Appeal from the United States District Court
for the Central District of California
No. 8:25-cv-02479-DOC-ADS
Hon. David O. Carter, District Judge

# RESPONDENT-APPELLANT/CROSS-APPELLEE'S MOTION TO EXTEND TIME TO FILE THE FIRST BRIEF AND EXCERPTS OF RECORD AND NOTICE OF OUTSTANDING TRANSCRIPTS

Current deadline: November 6, 2026
Requested deadline: November 23, 2026
Decision requested before November 6, if practicable.

STEPHANE QUINN, CFLS (SBN 278188)
DAVID DWORAKOWSKI, CFLS, CALS (SBN 135285)
QUINN & DWORAKOWSKI, LLP
2050 Main Street, Sixth Floor, Suite 600
Irvine, California 92614
Telephone: (949) 660-1400
quinn@orangecountyfamilylaw.com
david@orangecountyfamilylaw.com
Attorneys for Jasmine Pearl Na

## I. Relief Requested.

Jasmine Pearl Na ("Mother") moves under Federal Rules of Appellate Procedure 26(b) and 27 and Ninth Circuit Rule 31-2.2(b) for 17 additional days, through Monday, November 23, 2026, to file her first brief and Excerpts of Record. She asks the Court to adopt the remaining briefing dates proposed in section IV and preserve the January 12, 2027 oral argument. This motion also gives notice of outstanding transcripts under Circuit Rule 11-1.2.

Mother filed her federal transcript requests on September 29. The next day, the Court expedited briefing. Two transcripts arrived on November 1. Exceptional Reporting Services expects its production on November 5, and Miriam Baird expects to deliver her transcripts on November 6, the day the brief is due. Neither production includes the confidential March 11 interviews. Counsel needs time to obtain authorized access to those interviews and to write the portions of the first brief that turn on the testimony. Quinn Decl. ¶¶ 2–12.

The October 27 order requires "extraordinary and compelling circumstances." DktEntry 19.1 at 2. Even if the reporters deliver on the dates indicated, counsel will receive material testimony as late as the day the brief is due.

## II. The Original December Deadline Was Subsequently Advanced.

The September 18 time schedule set October 29, 2026, for the transcripts and December 8, 2026, for Mother's opening brief. DktEntry 2.1 at 2. The September 29 cross-appeal schedule retained December 8

for the first brief. DktEntry 8. On September 29, Mother filed three transcript requests and her designation in the district court. D.C. Dkts. 81-83, 86.

The September 30 order granted a stay, expedited the cross-appeals, and set the first brief for October 22, one week before the originally scheduled transcript deadline. DktEntry 11 at 1–2. An October 26 order set December 21 for the first brief. The Court vacated that order the next day as issued in error and set briefing dates of November 6, November 27, and December 18. DktEntries 17, 19.1 at 1.

Under the original schedule, counsel had forty days between the October 29 transcript deadline and the December 8 brief deadline. The October 27 order allows eight. Baird expects to deliver her transcripts on the eighth day, and counsel has no date for access to the interviews. The requested November 23 deadline is fifteen days earlier than the original briefing deadline.

## III. THE INCOMPLETE RECORD PRESENTS A SUBSTANTIAL AND CASE-SPECIFIC NEED.

The district court denied return as to one child and ordered the other returned. In reaching those different conclusions under Article 13(b), the court discussed what each child said during her March 11 interview. D.C. Dkt. 69, Page ID 1278–79. To challenge the return order, counsel must address that distinction in light of the interviews and the other hearing testimony. Quinn Decl. ¶¶ 8, 10–11.

Deborah Parker delivered the January 22 and February 12 transcripts on November 1. On November 4, Exceptional Reporting

Services advised that its records show a November 5 due date. Miriam Baird acknowledged payment on November 4 and advised that she would file on Friday, November 6. She also confirmed that counsel will receive her transcripts that day. Counsel still lacks a list of the proceedings covered. Counsel's October 2 email to her identified only January 22 and March 6. Although the filed September 29 request lists February 3 and March 5, counsel did not complete separate production arrangements for those dates or confirm that the $880 payment covered them. Quinn Decl. ¶¶ 4–9.

The February 3 minutes record the Guardian ad Litem's sworn questioning, and the March 5 minutes state, "Witnesses called." D.C. Dkts. 35, 42. Both proceedings bear directly on the record needed for appellate review. The February 2 proceeding was separately requested, but the reporting office describes it as off record. The June 9 transcript was already filed at D.C. Dkt. 61. On November 4, counsel requested a copy from Exceptional and asked for delivery by email on November 5. No delivery date has been confirmed. Quinn Decl. ¶¶ 5, 8, 10.

Mother designated both confidential interviews. D.C. Dkt. 86 at 2. The superior court directed its reporter to prepare the transcripts and send them to the federal court at county expense. Its order permits use in both proceedings and restricts release of the confidential portions. Orange County Super. Ct. No. 25FL001112, Mar. 11, 2026 Minute Order at 1–2. Counsel has not separately ordered copies and estimates that tracing the transcripts and obtaining authorized access will take at least several days. Father's counsel has also said she intends to

augment the record with the interview transcripts. Quinn Decl. ¶¶ 8, 14.

Circuit Rule 31-2.2(b) requires "diligence and substantial need." Counsel filed the federal requests under the original schedule, paid the amounts quoted, and reviewed the judgment and available record in briefing the stay. Counsel can draft from the federal transcripts as they arrive. To finish the statement of facts and the argument, counsel must compare each interview with the hearing testimony and the court's findings, then select the portions of the record the panel will need and cite them in the paginated excerpts. Quinn Decl. ¶¶ 10–11.

The October 29 transcript deadline has passed. A November 4 review of the district docket and both appellate dockets showed no reporter motion or order extending that deadline. The only hearing transcript identified as filed on the district docket was D.C. Dkt. 61. Counsel therefore cannot certify under Circuit Rule 31-2.2(b)(7) that all reporters are current. Under Circuit Rule 11-1.2, the accompanying declaration identifies the proceedings, financial arrangements, contacts, and anticipated production dates to the extent known. Mother requests an adjustment of the briefing schedule. Quinn Decl. ¶¶ 4–9.

## IV. Timing, Expedition, And The Remaining Schedule.

Mother requests consideration of this motion despite the seven-day advance-filing requirement of Circuit Rule 31-2.2(b). On October 29, Deborah Parker told counsel her two transcripts were complete and asked counsel to confirm a spelling. Counsel confirmed it that day. Parker delivered both transcripts on November 1. On November 4, the

reporters identified November 5 and 6 as their anticipated production dates. Quinn Decl. ¶ 12.

This is Mother's first motion for additional time to file her first brief. Father, through counsel, did not oppose an extension through December 8 with corresponding adjustments to later briefing. Counsel had not yet proposed the specific schedule below when Father gave that response. Quinn Decl. ¶¶ 13–15.

Mother proposes the following schedule to preserve the January 12 oral argument. DktEntry 21.

| **Proposed deadline** | **Filing** |
|---|---|
| November 23, 2026 | Mother's first brief and Excerpts of Record |
| December 14, 2026 | Father's answering and cross-opening brief |
| December 28, 2026 | Mother's reply and cross-answering brief |
| January 4, 2027 | Father's optional cross-reply |

Leaving Father's November 27 deadline in place would give him four days, including Thanksgiving. December 14 gives him the full 21 days for his combined answering and cross-opening brief. Mother would take 14 days for her third brief. Mother asks the Court to shorten the period for Father's optional cross-reply from 14 days to seven. Using these intervals with a December 8 first brief would put the optional reply on January 19, a week after argument.

Under the October 27 order, if Mother serves her third brief electronically on December 18, the 14th day for Father's optional reply is New Year's Day. The deadline therefore rolls to Monday, January 4. DktEntry 19.1 at 1; Fed. R. App. P. 26(a)(1)(C), (a)(6)(A), (c). The proposed schedule finishes briefing on that same date, eight days before argument.

## V. CONCLUSION.

Mother requests a 17-day extension through November 23, 2026, or such shorter period as the Court finds appropriate. She asks the Court to adopt the briefing schedule in section IV and preserve the January 12 argument. If the Court cannot rule before November 6, Mother requests that the first-brief deadline be held in abeyance pending its decision.

Dated: November 4, 2026

Respectfully submitted,

QUINN & DWORAKOWSKI, LLP

/s/ Stephane Quinn

STEPHANE QUINN, CFLS

Attorneys for Respondent-Appellant/Cross-Appellee Jasmine Pearl Na

## Declaration Of Stephane Quinn

I, Stephane Quinn, declare:

1. I am counsel for Jasmine Pearl Na in appeal No. 26-6105 and cross-appeal No. 26-6374. I have personal knowledge of the matters stated below, including my communications and the records maintained by my office, and could competently testify to them.

2. Mother's opening brief was first due December 8, 2026, under the September 18 schedule, which set September 29 for transcript orders and October 29 for transcripts. The September 29 cross-appeal schedule retained December 8 for the first brief. DktEntries 2.1, 8. I filed the three transcript requests and the designation on September 29. D.C. Dkts. 81–83, 86.

3. The September 30 order advanced the first brief to October 22. The October 26 order setting December 21 was vacated October 27, when the Court set November 6 as the current deadline. DktEntries 11, 17, 19. I request 17 additional days, through November 23, for the opening brief and excerpts.

4. My September 29 G-120 for Miriam Baird listed December 8, 2025, January 22, February 3, March 5, and March 6, 2026. It

requested the full February 3 and March 5 proceedings and identified October 29 as the filing deadline. D.C. Dkt. 81. At 9:08 a.m. on September 29, Court Reporting Services emailed the filed request to Ms. Baird and me. At 9:12 a.m., I asked her for the cost and payment instructions. At 9:48 a.m., she replied, "Please list dates needed." On October 2, I identified only January 22 and March 6. On October 5, she quoted $880 for 30-day delivery. I paid $880 on October 6. I did not complete separate arrangements for February 3 or March 5 or confirm that my payment covered those dates. The transfer confirmation is attached as Exhibit A, page 2. The filed Baird and Parker requests are attached as Exhibit B.

5. On September 29, Court Reporting Services quoted $3,797.20 for ordinary 30-day production by Exceptional Reporting Services, Inc., with work to begin upon receipt of payment. It advised that February 2 was off record and referred March 6 to Ms. Baird. The remaining CourtSmart dates identified in the request are January 28 and 29, February 6, March 9, and August 24 and 25, 2026. D.C. Dkt. 83 at 1–2. On October 2, I directed my office to arrange payment. Our

$3,797.20 check was dated October 5 and posted October 6. The bank record is attached as Exhibit A, page 1.

6. On September 29, Court Reporting Services also sent Deborah Parker and me the request for her part of January 22 and the full February 12 hearing. I emailed her at 9:12 a.m. for the cost and payment instructions. The firm's $308 check was dated October 8 and posted October 16. Its $460 check was dated October 14 and posted October 26. The bank records are attached as Exhibit A, pages 3–4. On November 1, Ms. Parker emailed the January 22 and February 12 transcripts with a paid invoice. I received those copies. The bank and transfer records in Exhibit A are true and correct copies with identifying financial information redacted.

7. On November 4, Alexandra Sandoval of my office asked Exceptional about delivery. Toni Hudson responded, "Our records indicate it's due 11/5." Our office expects the transcripts on November 5. The response did not itemize the dates or state when the transcripts would be filed. As of this declaration, I have not received that production.

8. The June 9 transcript is on file at D.C. Dkt. 61. At 4:17 p.m. on November 4, I asked Exceptional to sell me a copy and email it by November 5. I designated both March 11 interviews. The superior court's minute order identifies K. Christopher, CSR No. 11188, as the reporter in Department L65. It directs the reporter to transcribe both interviews and send them to the federal court at county expense. Its order permits use in both proceedings but requires a court order for release of the confidential portions. Orange County Super. Ct. No. 25FL001112, Mar. 11, 2026 Minute Order at 1–2; D.C. Dkt. 86 at 2. I have not placed a separate order or received the transcripts. I need to find out whether they were prepared and transmitted, where they are held, and how I may review them under the order. I expect those steps to take at least several days. I have no confirmed date for access.

9. At 9:22 a.m. on November 4, Ms. Sandoval emailed Ms. Baird and identified December 8, February 3, March 5, and March 6. She asked whether payment covered those dates and requested expedited pricing and turnaround if an additional payment was due. At 3:22 p.m., I emailed the district court's published transcript address, copied Ms. Baird, and asked that the inquiry be directed to the court

reporter supervisor. I asked which proceedings were covered, when they would be delivered and filed, and whether the transcript deadline had been extended. I attached Ms. Parker's G-120 to that email. Court Reporting Services had sent Ms. Baird her own G-120 on September 29. At 3:32 p.m., replying to my afternoon inquiry, Ms. Baird wrote, "I received payment. I will file these accordingly." At 3:37 p.m., she wrote, "These will be filed on Friday, November 6." Ms. Baird also confirmed I will receive her transcripts that day. Her acknowledgment could cover February 3 and March 5, both listed on her G-120 and in Ms. Sandoval's morning email. She did not identify the dates covered by the payment. At 5:02 p.m., John Lopez, the Court Reporting Services Supervisor, emailed me: "I contacted Ms. Baird regarding the outstanding transcripts, and she has confirmed that they will be filed by November 6th." He said he would follow up. His email did not identify individual hearing dates. The correspondence described above identifies no court-approved extension of the transcript deadline.

10. The February 3 minutes identify the Guardian ad Litem's sworn questioning. D.C. Dkt. 35. The March 5 minutes state, "Witnesses called." D.C. Dkt. 42. I need to review the testimony in

context, compare it with the written findings, and identify for the panel the transcript pages bearing on the challenged return order.

11. I prepared Mother's stay motion and reply and reviewed the judgment, declarations, and record available for those filings. I have developed the legal grounds for appeal. I still need to write the parts of the statement of facts and argument that turn on the testimony. I can work from the federal transcripts as they arrive. Once I have access to the interviews, I need to compare what each child said with the Guardian ad Litem's testimony and with the reasons the court gave for ordering one child returned. That comparison will shape both the statement of facts and the argument. I also need to select the excerpts, paginate them, and check the brief's citations against those pages. The requested period includes the weekend of November 21–22 to finish that work before filing on Monday.

12. I did not seek an extension by October 30 because I hoped to meet the November 6 briefing deadline. On October 29, Ms. Parker told me she had completed her transcripts and asked me to confirm a spelling. I confirmed it that day. Her message concerned her January 22 and February 12 transcripts, both of which she delivered on November

1. The responses I received on November 4 indicated that the other productions would arrive on November 5 and 6. I request consideration of this motion despite the seven-day advance-filing interval.

13. This is my first motion for an extension of the opening-brief deadline. I have worked diligently to prepare the brief and will file the opening brief and excerpts by November 23, 2026, if the Court grants the requested extension.

14. On November 4, 2026, Merritt McKeon, counsel for Petitioner-Appellee/Cross-Appellant Jung Wook Na, advised me that her client did not oppose an extension through December 8 with corresponding adjustments to the remaining briefing dates. In the same email, she wrote, “We will be augmenting the record with the transcripts from the closed hearing with the children.” She asked whether I had included them in the designation. I request November 23 because it gives me the time I need to complete the first brief and excerpts while allowing Father 21 days for his combined brief and permitting briefing to close January 4. A December 8 filing would extend briefing past argument under those same intervals. I have no

statement of Father's position on the specific dates in section IV, which I had not proposed when Ms. McKeon responded.

15. Oral argument is set for January 12, 2027, at 9:00 a.m. in Pasadena. DktEntry 21. I ask the Court to preserve that setting.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 4, 2026, at Irvine, California.

/s/ Stephane Quinn
STEPHANE QUINN

## Certificate Of Compliance

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A). Excluding the portions exempted by Rules 27(a)(2)(B) and 32(f), it contains 1,316 words.

This motion complies with the typeface and type-style requirements of Rules 27(d)(1)(E) and 32(a)(5)–(6) because it was prepared in a proportionally spaced 14-point Century Schoolbook typeface.

Dated: November 4, 2026

/s/ Stephane Quinn
STEPHANE QUINN

## Certificate Of Service

On November 4, 2026, I served a copy of this motion, notice, declaration, and exhibits by depositing it in the United States mail, first-class postage prepaid, addressed to:

John Lopez, Court Reporting Services Supervisor
c/o Court Reporting Services
United States District Court, Central District of California
350 West 1st Street, Suite 4311
Los Angeles, CA 90012-4565

Merritt McKeon, counsel for Jung Wook Na, will be served through ACMS upon electronic filing.

Dated: November 4, 2026

/s/ Stephane Quinn
STEPHANE QUINN

# EXHIBIT A, PAGE 1 OF 4



CHASE for BUSINESS®

Printed from Chase for Business

## Check Details

Total: **$3,797.20**

Post date: Oct 06, 2026

Check #: 2464

Front Back



SECURITY FEATURES INCLUDE TRUE WATERMARK PAPER/HEAT SENSITIVE ICON AND FOIL HOLOGRAM

QUINN & DWORAKOWSKI LLP.
2050 Main Street, Suite 600
Irvine, CA 92614

2464

DATE 10/5/2026

PAY TO THE ORDER OF Exceptional Reporting Services, Inc. $-3,797 20/00

three thousand seven hundred and ninety seven and 20/00 DOLLARS

CHASE BANK
17585 - A Harvard Ave.
Irvine, CA 92614

FOR Case No.: 8:25-cv-02479-DOC-ADS

[redacted]

[redacted]



©2026 JPMorgan Chase & Co

# EXHIBIT A, PAGE 2 OF 4



| Date sent | Status | Recipient | Type | Amount |
|---|---|---|---|---|
| Oct 6, 2026 | Completed | Mirriam Veliz-Baird<br>"Na v. Na Transcript" | In moments | $880.00 |

We sent money from CPC CHECKING (...6733).

Email address velizbairdmiriam@gmail.com

Transaction number [redacted]

# EXHIBIT A, PAGE 3 OF 4



CHASE for BUSINESS®

Printed from Chase for Business

## Check Details

Total: **$308.00**

Post date: Oct 16, 2026

Check #: 2469

Front Back


SECURITY FEATURES INCLUDE TRUE WATERMARK PAPER, HEAT SENSITIVE ICON AND FOIL HOLOGRAM

QUINN & DWORAKOWSKI LLP.
2050 Main Street, Suite 600
Irvine, CA 92614

2469
90-7162/3222

DATE 10/8/2026

PAY TO THE ORDER OF Deborah D. Parker $ 308 00/

three-hundred-eight xx/100 DOLLARS

[redacted]

CHASE BANK
17585 - A Harvard Ave.
Irvine, CA 92614

FOR Ma v. Ma 8:25-cv-02479

[redacted]

Details on Back. Security Features Included

## EXHIBIT A, PAGE 4 OF 4



CHASE for BUSINESS

Printed from Chase for Business

## Check Details

Total: **$460.00**

Post date: Oct 26, 2026

Check #: 2474

Front Back


QUINN & DWORAKOWSKI LLP.
2050 Main Street, Suite 600
Irvine, CA 92614

2474
90-7162/3222

DATE 10/14/2026

PAY TO THE ORDER OF Deborah Parker $ 460 xx/100

Four-hundred-sixty xx/100 DOLLARS

CHASE BANK
17585 - A Harvard Ave.
Irvine, CA 92614

FOR Re transcript

[redacted]

Details on Back. Security Features Included

JPMorgan Chase Bank, N.A. Member FDIC ©2026 JPMorgan Chase & Co Equal Opportunity Lender

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# TRANSCRIPT ORDER FORM

**Please use one form per court reporter per case, and contact court reporter directly immediately after e-filing form. (Additional instructions on court website.)**

COURT USE ONLY
**DUE DATE:**

| | | | | | |
|---|---|---|---|---|---|
| 1a. Contact Person for this Order | Stephane Quinn | 2a. Contact Phone Number | (949) 660-1400 | 3a. Contact E-mail Address | quinn@orangecountyfamilylaw.com |
| 1b. Attorney Name (if different) | | 2b. Attorney Phone Number | | 3b. Attorney E-mail Address | |

4. MAILING ADDRESS (INCLUDE LAW FIRM NAME, IF APPLICABLE)

QUINN & DWORAKOWSKI, LLP
2050 Main Street, 6th Floor, Suite 600
Irvine, CA 92614

5. Name & Role of Party Represented: Jasmine Pearl Na, Respondent-Appellant

6. Case Name: Jung Wook Na v. Jasmine Pearl Na

7a. District Court Case Number: 8:25-cv-02479-DOC-ADS

7b. Appeals Court Case Number: 26-6105

8. INDICATE WHETHER PROCEEDING WAS (choose only one per form):

☐ DIGITALLY RECORDED ☑ TRANSCRIBED BY A COURT REPORTER; NAME OF COURT REPORTER: Miriam Baird

9. THIS TRANSCRIPT ORDER IS FOR: ☑ Appeal ☐ Non-Appeal | ☐ Criminal ☑ Civil | ☐ CJA ☐ USA ☐ FPD ☐ In forma pauperis (Court order for transcripts must be attached)

10. TRANSCRIPT(S) REQUESTED (Specify portion(s) and date(s) of proceeding(s), format(s), and delivery type):

*You MUST check the docket to see if the transcript has already been filed, and if so, provide the "Release of Transcript Restriction" date in column c, below.*

*a. HEARING(S) OR PORTIONS OF HEARINGS (Attach additional pages if necessary. If sealed, a court order releasing transcript to the ordering party must be attached here or emailed to transcripts_cacd@cacd.uscourts.gov.)*

b. SELECT FORMAT(S) *(CM/ECF access included with purchase of transcript.)*

c. RELEASE OF TRANS. RESTRICTION DATE

d. DELIVERY TYPE 30-day, 14-day, 7-day, 3-day, Daily, Hourly

| HEARING DATE | Minute Order Docket # (if available) | JUDGE (name) | PROCEEDING TYPE / PORTION If requesting less than full hearing, specify portion (e.g., witness or time). CJA orders: indicate if openings, closings, voir dire, or instructions requested. | PDF (email) | TEXT / ASCII (email) | PAPER | CONDENSED (email) | CM/ECF ACCESS (web) | WORD INDEXING | *(Provide release date of e-filed transcript, or check to certify none yet on file.)* | | *(Check with court reporter before choosing any delivery time sooner than "Ordinary-30.")* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/08/2025 | 13 | D. O. Carter | Scheduling conference; entire proceeding. | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | | Ordinary - 30 days |
| 01/22/2026 | 27 | D. O. Carter | Appearance/continuance; Baird record, if any. | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | | Ordinary - 30 days |
| 02/03/2026 | 35 | D. O. Carter | Day 4 evidentiary hearing; entire proceeding. | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | | Ordinary - 30 days |
| 03/05/2026 | 42 | D. O. Carter | Day 7 evidentiary hearing; entire proceeding. | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | | Ordinary - 30 days |
| 03/06/2026 | 43 | D. O. Carter | Day 8; Baird record; coordinate CourtSmart. | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | | Ordinary - 30 days |

11. ADDITIONAL COMMENTS, INSTRUCTIONS, QUESTIONS, ETC. CJA Orders: Explain necessity of non-appeal orders, orders for transcripts of proceedings involving only a co-defendant, & special authorizations to be requested in Section 14 of CJA-24 Voucher (attach additional pages if needed).

Appeal 26-6105. Filing deadline: October 29, 2026. Include all recorded testimony, objections, offers of proof, argument, colloquy and rulings.
January 22: Dkt. 27 lists Baird and Parker, 15 minutes, hearing not held. Coordinate the appearance record; no duplicate transcription.
March 6: Dkt. 43 lists Baird/CourtSmart; determine coverage. March 5 is the date in Dkts. 41-42 despite the repeated continuance date.
Docket reviewed September 29, 2026; no filed transcripts listed for these dates. Advise if already prepared or in progress.
Provide deposit and confirm timely filing at ordinary rates. Obtain approval for expedited charges; sealed records require authorization.

12. ORDER & CERTIFICATION. By signing below, I certify that I will pay all charges (deposit plus additional), or, where applicable, promptly take all necessary steps to secure payment under the Criminal Justice Act.

Date: 09/29/2026 Signature: s/Stephane Quinn

G-120 (06/18)

Layout reproduced from the published court form. Prepopulated draft; not filed.

UNSIGNED DRAFT - REVISED 09/29/2026; REVIEW BEFORE FILING

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# TRANSCRIPT ORDER FORM

**Please use one form per court reporter per case, and contact court reporter directly immediately after e-filing form. (Additional instructions on court website.)**

COURT USE ONLY
**DUE DATE:**

| | | | | | |
|---|---|---|---|---|---|
| 1a. Contact Person for this Order | Stephane Quinn | 2a. Contact Phone Number | (949) 660-1400 | 3a. Contact E-mail Address | quinn@orangecountyfamilylaw.com |
| 1b. Attorney Name (if different) | | 2b. Attorney Phone Number | | 3b. Attorney E-mail Address | |

4. MAILING ADDRESS (INCLUDE LAW FIRM NAME, IF APPLICABLE)

QUINN & DWORAKOWSKI, LLP
2050 Main Street, 6th Floor, Suite 600
Irvine, CA 92614

| | |
|---|---|
| 5. Name & Role of Party Represented | Jasmine Pearl Na, Respondent-Appellant |
| 6. Case Name | Jung Wook Na v. Jasmine Pearl Na |
| 7a. District Court Case Number | 8:25-cv-02479-DOC-ADS |
| 7b. Appeals Court Case Number | 26-6105 |

8. INDICATE WHETHER PROCEEDING WAS (choose only one per form):

☐ DIGITALLY RECORDED ☑ TRANSCRIBED BY A COURT REPORTER; NAME OF COURT REPORTER: Deborah Parker

9. THIS TRANSCRIPT ORDER IS FOR: ☑ Appeal ☐ Non-Appeal | ☐ Criminal ☑ Civil | ☐ CJA ☐ USA ☐ FPD ☐ In forma pauperis (Court order for transcripts must be attached)

10. TRANSCRIPT(S) REQUESTED (Specify portion(s) and date(s) of proceeding(s), format(s), and delivery type):

*You MUST check the docket to see if the transcript has already been filed, and if so, provide the "Release of Transcript Restriction" date in column c, below.*

*a. HEARING(S) OR PORTIONS OF HEARINGS (Attach additional pages if necessary. If sealed, a court order releasing transcript to the ordering party must be attached here or emailed to transcripts_cacd@cacd.uscourts.gov.)*

b. SELECT FORMAT(S) *(CM/ECF access included with purchase of transcript.)*

c. RELEASE OF TRANS. RESTRICTION DATE

d. DELIVERY TYPE 30-day, 14-day, 7-day, 3-day, Daily, Hourly

| HEARING DATE | Minute Order Docket # (if available) | JUDGE (name) | PROCEEDING TYPE / PORTION (If requesting less than full hearing, specify portion (e.g., witness or time). CJA orders: indicate if openings, closings, voir dire, or instructions requested.) | PDF (email) | TEXT / ASCII (email) | PAPER | CONDENSED (email) | CM/ECF ACCESS (web) | WORD INDEXING | *(Provide release date of e-filed transcript, or check to certify none yet on file.)* | | *(Check with court reporter before choosing any delivery time sooner than "Ordinary-30.")* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/22/2026 | 27 | D. O. Carter | Appearance/continuance; Parker record, if any. | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | | Ordinary - 30 days |
| 02/12/2026 | 40 | D. O. Carter | Day 6 evidentiary hearing; entire proceeding. | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | | Ordinary - 30 days |
| | | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | |
| | | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | |
| | | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | |

11. ADDITIONAL COMMENTS, INSTRUCTIONS, QUESTIONS, ETC. CJA Orders: Explain necessity of non-appeal orders, orders for transcripts of proceedings involving only a co-defendant, & special authorizations to be requested in Section 14 of CJA-24 Voucher (attach additional pages if needed).

Appeal 26-6105. Filing deadline: October 29, 2026. Include all recorded testimony, objections, offers of proof, argument, colloquy and rulings.
January 22: Dkt. 27 lists Miriam Baird and Deborah Parker, 15 minutes, although the evidentiary hearing is marked not held.
Please identify and coordinate any record of that appearance with Baird; do not duplicate the same record. February 12: entire proceeding.
Docket reviewed September 29, 2026; no filed transcripts listed for these dates. Advise if already prepared or in progress.
Provide deposit and confirm timely filing at ordinary rates. Obtain approval for expedited charges; sealed records require authorization.

12. ORDER & CERTIFICATION. By signing below, I certify that I will pay all charges (deposit plus additional), or, where applicable, promptly take all necessary steps to secure payment under the Criminal Justice Act.

Date 9/29/2026 Signature s/Stephane Quinn

G-120 (06/18)

Layout reproduced from the published court form. Prepopulated draft; not filed.

UNSIGNED DRAFT - REVISED 09/29/2026; REVIEW BEFORE FILING