SUBMITTED PROVISIONALLY UNDER SEAL
Nos. 26-6105 and 26-6374
Oral Argument January 12, 2027, at 9:00 a.m., Pasadena
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
JUNG WOOK NA,
Petitioner-Appellee and Cross-Appellant,
v.
JASMINE PEARL NA,
Respondent-Appellant and Cross-Appellee.

# Motion of Jasmine Pearl Na to Seal Confidential Interview Materials

Jasmine Pearl Na (Mother) moves under Ninth Circuit Rules 27-13(e) and 30-1.4(d) to seal the confidential interview disclosures identified in Appendix A and Excerpts of Record Volume 7, pages 969–1036. The unredacted First Brief on Cross-Appeal and Volume 7 are submitted separately and provisionally under seal. The remainder of the brief and excerpts may remain public.

The November 5, 2026, order sets the first brief for November 16, the second for December 7, the third for December 21, and argument for January 12, 2027. App. Dkt. 23 at 1–2. Mother requests prompt consideration on that schedule and no extension or suspension of briefing.

**THE INTERVIEWS WERE CONDUCTED IN CLOSED PROCEEDINGS.**

The March 11, 2026, state-court minute order records a cross-jurisdiction interview involving both children, Judge David O. Carter, Judge Mary Kreber-Varipapa, and the children's counsel. It states that the transcript of the confidential proceedings "may not be released without court order." Decl. of Stephane Quinn ¶ 2 & Ex. A at 1. It permits use in the federal and superior-court matters and directs transmission to the federal court. Ex. A at 2. Judge Carter called the federal matter and participated. 7-ER-973–76.

On November 10, 2026, Judge Kreber-Varipapa signed an order authorizing digital release for the Court of Appeals and federal court, subject to the protective order, with the express restriction "not to be released to parties." Ex. B at 1. The signed FL-305 and incorporated attachment authorize certified electronic copies for named counsel, secure federal transmission, and confidential use in these Ninth Circuit appeals by counsel and necessary legal staff. Ex. B at 2–4. Mother requests sealing consistent with those access restrictions.

Volume 7 contains both interviews, their reporter's certificates, and word indexes. The transcripts contain the children's names and

detailed accounts of physical discipline, communications within the household, their relationships, and their private wishes about living arrangements. Decl. of Stephane Quinn ¶ 3. The public district-court decision already describes the findings relevant to the merits; that decision remains public in Volume 1. 1-ER-3–24.

**THE REQUESTED PROTECTION SATISFIES THE PUBLIC ACCESS STANDARD.**

Ninth Circuit Rule 27-13(e) requires "the least restrictive scope of sealing." Mother applies the compelling-reasons standard because the requested protection concerns merits materials. Under the Ninth Circuit's adopted reasoning, the proponent must articulate "compelling reasons supported by specific factual findings." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The court applies that standard even if the dispositive motion or its attachments "were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179.

The specific interest is protection of two nonparty minors' intimate disclosures in a closed judicial interview. The requested redactions concern their descriptions of punishment, household secrecy and responses, attachment, and residence preferences. Appendix A; Decl. of

Stephane Quinn ¶¶ 3–4. Publication would expose those private accounts to permanent copying and circulation outside this litigation. Initials would not protect their privacy because the public caption and narrative identify the family. Once published, the disclosures could not be recalled. The request rests on these particular contents and circumstances.

The surrounding arguments and findings already disclosed in the public order would remain public. The additional interview details would be redacted.

**THE SCOPE PRESERVES PUBLIC ACCESS TO THE REMAINING MATERIALS.**

The brief identifies the requested confidential passages by highlighting. Appendix A supplies their page locations and subjects without reproducing the children's words. Mother requests that the Court accept a public version with only those passages redacted, on the timetable the Court directs.

Volume 7 is the separate final volume required by Circuit Rule 30-1.4(d). Its substantive contents consist of the two private child interviews. Identifying information and intimate family disclosures recur throughout the question-and-answer text and its word indexes.

Redacting only names would leave the disclosures attributable to the children; redacting all private answers would remove the context necessary to understand the interviews. Decl. of Stephane Quinn ¶¶ 3–4. Mother requests protection of that volume as a whole. If the Court determines that an administrative page or a further redacted transcript can be made public, Mother requests an opportunity to supply it before any confidential material is released.

**REQUESTED ORDER.**

Mother requests an order (1) sealing the unredacted First Brief on Cross-Appeal, with only the Appendix A passages redacted from the public version; (2) sealing Excerpts of Record Volume 7, pages 969–1036, with access limited to the Court, Stephane Quinn, Merritt McKeon, Loni Klein, and legal staff reasonably necessary to these proceedings, with no access by either parent or further disclosure without court authorization, consistent with Exhibit B; and (3) directing the procedure and deadline for the public version. If any part is denied, Mother requests an opportunity to narrow or withdraw disputed material before disclosure. The briefing schedule and argument date would remain unchanged.

On November 13, 2026, Mother's counsel consulted by email with Father's counsel, Merritt McKeon, and minors' counsel, Loni Klein, about the record and sealing motions. Klein responded that she had no objection provided statements concerning the transcripts remained confidential and unavailable to the public. McKeon raised Father's personal access if he becomes self-represented and a separate request to extend briefing, but did not clearly state a position on this motion. Mother has not agreed to an extension. Mother lacks authority to vary the transcript-release order and does not object to Father seeking court authorization for personal access if he becomes self-represented. Pending further order, Mother requests compliance with the existing disclosure restrictions. Counsel will report any subsequent response affecting the requested relief.

Dated: 11/17/2026

Respectfully Submitted,

**QUINN & DWORAKOWSKI, LLP**

/s/Stephane Quinn
Stephane Quinn
Attorneys for Jasmine Pearl Na

## Appendix A Requested Redactions in the Brief

Page references are to the printed Arabic page numbers in the accompanying First Brief on Cross-Appeal. Protection is requested only for the highlighted interview disclosures described below, not the entire listed pages.

| Brief pages | Confidential subject |
|---|---|
| 12–13 | K.E.N.'s explanations of trust, school disclosure, and household responses |
| 15–16 | S.A.N.'s private interview answers and the children's family and residence preferences |
| 27–28 | Private interview descriptions concerning treatment and childhood punishment |
| 33 | Interview details concerning disclosure at school and the younger child's response to questioning |
| 40 | Interview details concerning household adults and communication |
| 46 | The children's private explanations of travel and living preferences |
| 47–48 | The children's private descriptions of family arrangements, household knowledge, and feelings |
| 52–53 | Interview-derived synthesis concerning household adults, the sisters, and Mother's anticipated presence |

The public district-court findings and surrounding legal arguments are not within this request. Volume 7, pages 969–1036, is requested under seal for the reasons stated in the motion.

## **<u>DECLARATION OF STEPHANE QUINN</u>**

1. I am an attorney for Jasmine Pearl Na in these appeals. I make this declaration from my personal knowledge and my review of the case records identified below.

2. I have reviewed the March 11, 2026, Orange County Superior Court minute order in No. 25FL001112. Exhibit A is a true copy of that two-page order, with the minor children's names redacted to initials for this filing. It records the joint interviews, Judge Carter's participation, the confidentiality restriction, and the direction to send the transcripts to federal court.

3. I have reviewed the two reporter-prepared March 11 interview transcripts included in Excerpts of Record Volume 7. They contain the children's names, detailed accounts of discipline and communications within their family, and their private explanations of relationships and living preferences. Their word indexes repeat identifying and sensitive information.

4. The confidential portions of the brief identified in Appendix A disclose particular answers and descriptions from those interviews

beyond the findings already stated in the public district-court decision. The public decision remains in Volume 1.

5. Exhibit B is a true copy of the November 10, 2026, signed FL-300 order, signed FL-305 order, and incorporated Attachment 6 in No. 25FL001112. The signed order authorizes digital release for the Court of Appeals and federal court subject to the protective order and prohibits release of the transcripts to either parent. The incorporated terms identify counsel and necessary legal staff and these Ninth Circuit appeals.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 16, 2026, at Irvine, California.

/s/Stephane Quinn
Stephane Quinn

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,097 words, excluding the items excluded by Federal Rule of Appellate Procedure 32(f) and the accompanying documents authorized by Federal Rule of Appellate Procedure 27(a)(2)(B). It also complies with the page limit in Ninth Circuit Rule 27-1(1)(d).

This motion complies with Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface using 14-point Century Schoolbook.

Dated: November 17, 2026

**QUINN & DWORAKOWSKI, LLP**

/s/Stephane Quinn
Stephane Quinn
Attorneys for Jasmine Pearl Na

## Certificate of Service

My business address is Quinn & Dworakowski, LLP, 2050 Main Street, Sixth Floor, Suite 600, Irvine, California 92614.

On November 17, 2026, I served the following documents: this motion, its declaration and exhibits, the unredacted First Brief on Cross-Appeal, and Excerpts of Record Volume 7.

I served Merritt Lori McKeon, counsel for Jung Wook Na, by email at merritt@reelfathersrights.com and merrittmck@hotmail.com.

For each sealed document, I completed separate service by email at merritt@reelfathersrights.com and merrittmck@hotmail.com; I did not rely on an electronic filing notice to serve it.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 17, 2026, at Irvine, California.

/s/Stephane Quinn
Stephane Quinn

## Exhibit A March 11 2026, Minute Order

Two pages follow. Minor children's names are redacted to initials.

**SUPERIOR COURT OF CALIFORNIA**
**FOR THE COUNTY OF ORANGE**
**MINUTE ORDER**
3/11/2026

**Judge / Commissioner:** MARY KREBER-VARIPAPA

**Dept.**: L65 at 1:30 PM

**Clerk:** C. MARIN

**Bailiff:** R. IMP

**Reporter:** K. CHRISTOPHER 11188

**Case Type**: OTHER

**Case Number**: 25FL001112

**Case Name:** JUNG NA VS JASMINE NA

**Appearances:**
MERRITT MCKEON, ATTORNEY FOR PROTECTIVE ORDER MOVING PARTY
LONI KLEIN, ATTORNEY FOR MINOR
**Attorney for PET / PLTF**
MERRITT MCKEON
**Attorney for RESP / DEF**
DAVID DWORKOWSKI
**Other Parties and Their Attorneys**
LONI KLEIN, MINORS' COUNSEL

---

**HEARING - OTHER**

*This hearing is being conducted via remote video appearance pursuant to CA Civil Code of Procedures 367.75. Photographing, recording, filming and/or broadcasting of these courtroom proceedings is not permitted pursuant to California Rules of Court 1.150 and Orange County Superior Court Rule 180.*

**Closed Hearing**
Due to the nature and confidentiality of the proceeding, the courtroom is cleared and closed to the public for this portion of the hearing. Only parties, respective counsel and court staff remain in the courtroom.

The transcript of the confidential portions of these proceedings may not be released without court order.

2:17 PM Off the record, Minors' Counsel, counsel for Petitioner and counsel for Respondent personally present in the department.

Matter is before the Court this date for a cross-jurisdiction Minor's Interview with both minor children and parties' Federal Court Judge, the Honorable David O. Carter.

Court notes that the transcript from the Minors' Interviews may be utilized in both the Federal Court and Superior Court matters.

2:25 PM Court briefly trails matter.

2:31 PM Court conducts an on-the-record minor's interview with the minor, K.E.N. in chambers with K.E.N. Minors' Counsel, Judge David O. Carter and Megan Patel, Law Clerk, ending at 3:25 PM. Counsel for Petitioner and counsel for Respondent present in the department. Minor's interview is broadcast to the department via Zoom.

3:36 PM Court conducts an on-the-record minor's interview with the minor, S.A.N. in chambers with S.A.N. Minors' Counsel, Judge David O. Carter and Megan Patel, Law Clerk, ending at 3:56 PM Counsel for Petitioner and counsel for Respondent present in the department. Minor's interview is broadcast to the department via Zoom.

3:56 PM Court briefly trials matter.

4:11 PM Court conducts an off-the-record chamber's conference with Minors' Counsel, counsel for Petitioner and counsel for Respondent in open court, ending at 4:29 PM.

Court directs the court reporter to prepare the transcript of the minors' interviews and send them to the Federal Court. Fees of the transcript(s) shall be paid for by the County of Orange.

#9

## EXHIBIT B OPERATIVE TRANSCRIPT RELEASE ORDER

November 10, 2026, signed FL-300 order, signed FL-305 order, and incorporated Attachment 6. Four pages follow.

ELECTRONICALLY RECEIVED
11/9/2026 10:21 AM

**FL-300**

PARTY WITHOUT ATTORNEY OR ATTORNEY STATE BAR NUMBER: 278188
NAME: STEPHANE QUINN, CFLS
FIRM NAME: QUINN & DWORAKOWSKI, LLP
STREET ADDRESS: 2050 MAIN STREET, 6TH FLOOR, SUITE 600
CITY: IRVINE STATE: CA ZIP CODE: 92614
TELEPHONE NO.: (949) 660-1400 FAX NO.:
EMAIL ADDRESS: quinn@orangecountyfamilylaw.com
ATTORNEY FOR (name): RESPONDENT JASMINE PEARL NA

FOR COURT USE ONLY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

NOV 10 2026

DAVID H. YAMASAKI, Clerk of the Court

BY: C. MARIN, DEPUTY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 341 THE CITY DRIVE SOUTH
MAILING ADDRESS: 341 THE CITY DRIVE SOUTH
CITY AND ZIP CODE: ORANGE, CA 92868
BRANCH NAME: LAMOREAUX JUSTICE CENTER

PETITIONER: JUNG WOOK NA
RESPONDENT: JASMINE PEARL NA
OTHER PARENT/PARTY:

CASE NUMBER:
25FL001112
DEPARTMENT L65
JUDGE MARY KREBER-VARIPAPA

**REQUEST FOR ORDER** ☐ **CHANGE** ☑ **TEMPORARY EMERGENCY ORDERS**

☐ Child Custody ☐ Visitation (Parenting Time) ☐ Spousal or Partner Support
☐ Child Support ☐ Property Control ☐ Attorney's Fees and Costs
☑ Other *(specify)*: RELEASE AND TRANSMISSION OF MARCH 11, 2026 INTERVIEW TRANSCRIPTS

*Note: Read form FL-300-INFO for information about how to complete this form. To ask to change or end an order that was granted in a Restraining Order After Hearing (form DV-130 or JV-255), read form FL-300-INFO and form DV-300-INFO*

## NOTICE OF HEARING

1. TO *(name)*: Jung Wook Na, through Merritt McKeon; Loni Klein, minors' counsel
   ☑ Petitioner ☐ Respondent ☐ Other Parent/Party ☑ Other *(specify)*: Minors' counsel

2. **A COURT HEARING WILL BE HELD AS FOLLOWS:**
   a. Date: No future hearing Time: ☐ Dept.: L65 ☐ Room.:
   b. Address of court ☐ same as noted above ☐ other *(specify)*:

3. **WARNING to the person served with the *Request for Order:*** The court may make the requested orders without you if you do not file a *Responsive Declaration to Request for Order* (form FL-320), serve a copy on the other parties at least nine court days before the hearing (unless the court has ordered a shorter period of time), and appear at the hearing. *(See form FL-320-INFO for more information.)*

## COURT ORDER
*(FOR COURT USE ONLY)*

***It is ordered that:***

4. ☐ Time ☐ for service ☐ until the hearing is shortened. Service must be on or before *(date)*:
5. ☐ A *Responsive Declaration to Request for Order* (form FL-320) must be served on or before *(date)*:
6. ☐ The parties must attend an appointment for child custody mediation or child custody recommending counseling as follows *(specify date, time, and location)*:
7. ☒ The orders in *Temporary Emergency (Ex Parte) Orders* (form FL-305) apply to this proceeding and must be personally served with all documents filed with this *Request for Order*.
8. ☒ Other *(specify)*: Granted. Immediate release of transcript in digital form authorized to Court of appeal and Federal Court. Subject to Protective Order. * Not to be released to parties.

Date: NOV 10 2026

[signature]
JUDICIAL OFFICER
Judge Mary Kreber-Varipapa

ELECTRONICALLY RECEIVED
11/9/2026 10:21 AM

FL-305

PARTY WITHOUT ATTORNEY OR ATTORNEY STATE BAR NUMBER: 278188
NAME: STEPHANE QUINN, CFLS
FIRM NAME: QUINN & DWORAKOWSKI, LLP
STREET ADDRESS: 2050 MAIN STREET, 6TH FLOOR, SUITE 800
CITY: IRVINE STATE: CA ZIP CODE: 92614
TELEPHONE NO.: (949) 660-1400 FAX NO.:
EMAIL ADDRESS: quinn@orangecountyfamilylaw.com
ATTORNEY FOR (name): RESPONDENT JASMINE PEARL NA

FOR COURT USE ONLY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

NOV 10 2026

DAVID H. YAMASAKI, Clerk of the Court

BY: F. CAMANDANG, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 341 THE CITY DRIVE SOUTH
MAILING ADDRESS: 341 THE CITY DRIVE SOUTH
CITY AND ZIP CODE: ORANGE, CA 92868
BRANCH NAME: LAMOREAUX JUSTICE CENTER

PETITIONER: JUNG WOOK NA
RESPONDENT: JASMINE PEARL NA
OTHER PARENT/PARTY:

**TEMPORARY EMERGENCY (EX PARTE) ORDERS**

☐ Child Custody ☐ Visitation (Parenting Time) ☐ Property Control
☑ Other (*specify*): [PROPOSED] RELEASE OF MARCH 11, 2026 INTERVIEW TRANSCRIPTS CERTIFIED COPIES TO COUNSEL AND SECURE TRANSMISSION TO FEDERAL COURT

CASE NUMBER:
25FL001112
DEPARTMENT L65
JUDGE MARY KREBER-VARIPAPA

1. **TO (*name*):** All counsel; K. Christopher, CSR No. 11188; authorized transcript custodian
☐ Petitioner ☐ Respondent ☐ Other Parent/Party ☑ Other (*specify*): See Attachment 6

A court hearing will be held on the *Request for Order* (form FL-300) served with this order, as follows:

a. Date: No future hearing Time: Dept.: ☐ Room:
b. Address of court ☐ same as noted above ☐ other (*specify*):

2. **FINDINGS:** Temporary emergency (ex parte) orders are needed to:
a. ☐ Help prevent "immediate harm to the child" under Family Code section 3064, as described in item 3a.
b. ☐ Help prevent immediate risk that a child will be removed from the State of California.
c. ☐ Help prevent immediate loss or damage to property subject to disposition in the case.
d. ☑ Set or change procedures for a hearing or trial.

**COURT ORDERS**: The temporary emergency orders expire on the date and time of the hearing in (1), unless extended by court order.

3. ☐ **CHILD CUSTODY AND VISITATION (PARENTING TIME)**
a. ☐ It has been shown to the court that ☐ Petitioner ☐ Respondent ☐ Other Parent/Party (*specifiy name*):
(1) ☐ Has committed acts of domestic violence that are of recent origin or are part of a demonstrated and continuing pattern of domestic violence.
(2) ☐ Has committed acts of sexual abuse of the child that are of recent origin or are part of a demonstrated and continuing pattern of sexual abuse.
(3) ☐ Has illegal access to firearms or ammunition (including access to firearms or ammunition in violation of state or federal law, a restraining order, a protective order, or an injunction, or condition of probation or parole).
(4) ☐ Other (*specify*):
b. ☐ It has been shown to the court that there is an immediate risk that the child will be removed from the State of California. *Child Abduction Prevention Orders Attachment* (form FL-341(B)) is attached to this order.
c. Child's name / Date of Birth / Temporary physical custody, care, and control to:

| Child's name | Date of Birth | Petitioner | Respondent | Other Party/Parent |
|---|---|---|---|---|
| | | ☐ | ☐ | ☐ |
| | | ☐ | ☐ | ☐ |
| | | ☐ | ☐ | ☐ |
| | | ☐ | ☐ | ☐ |

☐ Continued on Attachment 3c.

***THIS IS A COURT ORDER.***

FL-305

| PETITIONER: JUNG WOOK NA<br>RESPONDENT: JASMINE PEARL NA<br>OTHER PARENT/PARTY: | CASE NUMBER:<br>25FL001112 |
|---|---|

d. ☐ **Visitation (Parenting Time)**
When the court has granted temporary orders for child custody, it must consider if the best interests of the child require that visitation (parenting time) be suspended, denied, or supervised. Further, the temporary orders for custody, care, and control of the minor children in 3c are subject to the other party's or parties' rights of visitation (parenting time). The temporary orders for visitation (parenting time) are as follows:

☐ See Attachment 3d.

e. **Travel restrictions**

(1) The party or parties with temporary physical custody, care, and control of minor children **must not remove the minor children from the state of California unless the court allows it after a noticed hearing.**

(2) ☐ Petitioner ☐ Respondent ☐ Other Parent/Party must not remove their minor children *(specify):*
(a) ☐ from the state of California.
(b) ☐ from the following counties *(specify):*
(c) ☐ other *(specify):*

f. (1) **Jurisdiction:** This court has jurisdiction to make child custody orders in this case under the Uniform Child Custody Jurisdiction and Enforcement Act (part 3 of the California Family Code, commencing with section 3400).

(2) **Notice and opportunity to be heard:** The responding party was given notice and an opportunity to be heard as provided by the laws of the State of California.

(3) **Country of habitual residence:** The country of habitual residence of the child or children is *(specify):*
☐ The United States of America ☐ Other *(specify):*

(4) **If you violate this order, you may be subject to civil or criminal penalties, or both.**

4. ☐ **PROPERTY CONTROL**

a. ☐ Petitioner ☐ Respondent ☐ Other Parent/Party is given exclusive temporary use, possession, and control of the following property that the parties ☐ own or are buying ☐ lease or rent

b. ☐ Petitioner ☐ Respondent ☐ Other Parent/Party is ordered to make the following payments on the liens and encumbrances coming due while the order is in effect:

| | | | |
|---|---|---|---|
| Pay to: | For: | Amount: $ | Due date: |
| Pay to: | For: | Amount: $ | Due date: |
| Pay to: | For: | Amount: $ | Due date: |
| Pay to: | For: | Amount: $ | Due date: |

5. ☐ All other existing orders, not in conflict with these temporary emergency orders, remain in full force and effect.

6. ☑ **OTHER ORDERS** *(specify):* ☑ Additional orders are listed in Attachment 6.
Release certified electronic copies of both March 11, 2026 interviews to counsel forthwith, under protective order.
Authorize secure retransmission and confidential litigation use as set out in Attachment 6.
The Court extends these orders beyond any item 1 hearing until further order.

Date: NOV 10 2026

[signature]
JUDICIAL OFFICER OF THE SUPERIOR COURT
*THIS IS A COURT ORDER.* Judge Mary Kreber-Varipapa

## ATTACHMENT 6 TO FL-305
## [PROPOSED] TRANSCRIPT ACCESS AND TRANSMISSION ORDER

The Court orders the following implementation of its March 11, 2026 minute order.

1. K. Christopher, CSR No. 11188, or the authorized court transcript custodian shall forthwith provide certified electronic copies of the complete March 11, 2026 interviews of K.E.N. (2:31-3:25 p.m.) and S.A.N. (3:36-3:56 p.m.) to counsel Stephane Quinn, Merritt McKeon, and Loni Klein. This order supplies the authorization for release required by the March 11 minute order. Delivery shall use a secure method coordinated with counsel. Respondent shall pay lawful copy charges, if any.

2. At counsel's request, the reporter or custodian shall promptly retransmit certified copies to the recipient designated by Judge David O. Carter's courtroom deputy in United States District Court case No. 8:25-cv-02479-DOC-ADS, using that court's approved delivery method. The sender shall provide counsel written confirmation of the recipient, date, and method of delivery.

3. Disclosure is authorized to the named counsel and legal staff reasonably necessary to prepare this case, the federal district court case, and Ninth Circuit Nos. 26-6105 and 26-6374. Counsel may lodge or submit the transcripts in those proceedings in accordance with the receiving court's confidentiality, filing, and sealing requirements. Recipients shall maintain the transcripts confidentially. Any additional disclosure requires further court authorization.

4. Respondent's counsel shall promptly furnish the signed order to the reporter or custodian and all counsel. The release and transmission directions take effect immediately. The Court expressly extends the disclosure authorization and confidentiality terms beyond any hearing identified in item 1 of FL-305, continuing until further order.